UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER P. VARGO, JR., *et al.*, | ) | CASE NOS.: 4:18CV01297 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| D & M TOURS, INC., *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | (Resolves Docs. 10, 19, 23, 29, and 31) |
| | ) | |

Currently pending before this Court are two motions to dismiss Plaintiff Walter P. Vargo, Jr.'s ("Vargo") complaint, two motions to dismiss Plaintiff Stephanie McCloud, Administrator of the Ohio Bureau of Workers' Compensation's ("Ohio BWC") complaint, and one motion to dismiss Defendant William A. Stauffer's ("Stauffer") crossclaims against Defendant D & M Tours, Inc. ("D & M Tours") and Defendant Jose Roman ("Roman"). (Defs. D & M Tours' and Roman's Mot. to Dismiss Vargo Compl., ECF No. 10; Def. Stauffer's Mot. to Dismiss Vargo Compl., ECF No. 23; Defs. D & M Tours' and Roman's Mot. to Dismiss Ohio BWC Compl., ECF No. 29; Def. Stauffer's Mot. to Dismiss Ohio BWC Compl., ECF No. 31; Mot. to Dismiss Cross-cls., ECF No. 19.) As a preliminary matter, Stauffer's crossclaims against D & M Tours and Roman were dismissed, without prejudice, on April 15, 2019, rendering the pending motion to dismiss Stauffer's crossclaims MOOT. (*See* Stipulation and Order, ECF No. 27.) Therefore, the remainder of this discussion will only consider the pending motions to dismiss Vargo's complaint and Ohio BWC's complaint.

The pending motions to dismiss at issue assert that this Court lacks personal jurisdiction over the properly aligned defendants against whom service has been perfected, and that this Court is an

improper venue for this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. (*See generally* Defs. D & M Tours' and Roman's Mot. to Dismiss Vargo Compl., ECF No. 10; Def. Stauffer's Mot. to Dismiss Vargo Compl., ECF No. 23; Defs. D & M Tours' and Roman's Mot. to Dismiss Ohio BWC Compl., ECF No. 29; Def. Stauffer's Mot. to Dismiss Ohio BWC Compl., ECF No. 31.)

As a brief procedural background, Vargo filed his complaint against D & M Tours, Roman, and Stauffer, along with FedEx, Inc. ("FedEx"), Ohio BWC, and L.T. Harnett Trucking, Inc. ("L.T. Harnett"). (Compl. 1-2, ECF No. 1.) Despite naming L.T. Harnett and Ohio BWC as defendants, Vargo failed to assert any claims for relief against them, and instead requested that they appear to "assert their interest in the outcome of this case." (*Id.* at 5-6.) L.T. Harnett did not enter an appearance in this matter. (*See generally* Docket, *Vargo, et al. v. D & M Tours, Inc., et al.*, No. 4:18-cv-01297, N.D. Ohio.) Therefore, this Court will not consider L.T. Harnett any further in analyzing the pending motions at issue.

Ohio BWC, on the other hand, was properly realigned as a named plaintiff and subsequently filed an amended complaint asserting its subrogation rights to any relief awarded Vargo. (Marginal Entry Order, ECF No. 26; Am. Compl. of Ohio BWC, ECF No. 28.) Therefore, Ohio BWC and Vargo, collectively, are referred to as "Plaintiffs" for the remainder of this discussion.

Finally, with respect to FedEx, Vargo failed to perfect service upon FedEx within the timeframe allotted by the Federal Rules of Civil Procedure.[1] As service upon FedEx was never accomplished, this Court does not have jurisdiction over FedEx in this matter and will not engage

---

[1] Pursuant to the Federal Rules of Civil Procedure, Vargo was required to perfect service upon each defendant within 90 days of filing his complaint. *See* Fed. R. Civ. P. (e)-(m). With respect to perfecting service upon FedEx, the only information this Court has is notice from Vargo that service was attempted upon FedEx, but ultimately unexecuted. (Return of Service, ECF No. 13.) To date, more than ten months after Vargo filed his complaint, service upon FedEx has not been perfected and Vargo has not properly requested additional time to perfect service upon FedEx.

in any further discussion of FedEx with respect to the pending motions at issue. *See Brown v. PixelRange, Inc.*, No. 18-5745, 2019 U.S. App. LEXIS 9608, at *4-5 (6th Cir. Apr. 1, 2019) (stating that "proper service of process is required for the district court to exercise personal jurisdiction over a defendant") (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)). *See also* Fed. R. Civ. P. 4(k)(1).

In sum, the parties in this case are as follows: Vargo and Ohio BWC are plaintiffs against defendants D & M Tours, Roman, and Stauffer (hereinafter, collectively, "Defendants"). At issue is whether this Court has personal jurisdiction over Defendants and whether this Court is the proper venue for this action. For the reasons explained herein, this Court does not have personal jurisdiction over Defendants D & M Tours, Roman, and Stauffer, and this Court is not the proper venue for this action. Therefore, the pending motions to dismiss this action for lack of jurisdiction and improper venue are GRANTED and this matter is hereby DISMISSED in its entirety.

## I. STATEMENT OF FACTS

This action arises out of a motor vehicle accident that occurred in Northampton County, Pennsylvania on June 7, 2016. (Compl. 2, ECF No. 1.) Vargo alleges that he suffered damages from the motor vehicle accident due to the negligence of Roman and Stauffer, who, at the time of the motor vehicle accident, were purportedly acting within the scope and course of employment with D & M Tours and FedEx, respectively. (*Id.* at 4-5.) Vargo, through his complaint, seeks damages jointly and severally against Roman, D & M Tours, Stauffer, and FedEx. (*Id.* at 5-6.)

Accordingly, for the parties at interest as outlined in the previous section, Vargo's complaint asserts that, for Plaintiffs, Vargo is a resident of Ohio and Ohio BWC is an Ohio entity. (*Id.* at 2-3.) On the other hand, each defendant is an out-of-state defendant: Roman is a resident of New Jersey, D & M Tours is a corporation organized in New Jersey, and Stauffer is a resident of

Pennsylvania. (*Id.*) Vargo's complaint does not allege that D & M Tours, Roman, or Stauffer have any connections to Ohio. (*See generally* Compl.)

In response to Vargo's complaint, D& M Tours and Roman jointly filed a motion to dismiss Vargo's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Defs. D & M Tours' and Roman's Mot. to Dismiss Vargo Compl., ECF No. 10.) Shortly after D & M Tours and Roman filed their motion to dismiss, Stauffer answered Vargo's complaint and asserted crossclaims against D & M Tours and Roman. (Am. Answer, ECF No. 18.) D & M Tours and Roman, thereafter, filed a motion to dismiss Stauffer's crossclaims. (Mot. to Dismiss Cross-cl., ECF No. 19.) Rather than filing a brief in opposition to D & M Tours' and Roman's motion to dismiss his crossclaims, Stauffer ultimately filed his own motion to dismiss Vargo's complaint for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. (Def. Stauffer's Mot. to Dismiss Vargo Compl., ECF No. 23.)

Additionally, once Ohio BWC was properly realigned as a plaintiff in this matter, D& M Tours and Roman jointly filed a motion to dismiss Ohio BWC's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Defs. D & M Tours' and Roman's Mot. to Dismiss Ohio BWC Compl., ECF No. 29.) Thereafter, Stauffer filed his own motion to dismiss Ohio BWC's complaint for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. (Def. Stauffer's Mot. to Dismiss Ohio BWC Compl., ECF No. 31.) Vargo did not oppose, respond, or otherwise object to any of the pending motions to dismiss this action. (*See generally* Docket, *Vargo, et al. v. D & M Tours, Inc., et al.*, No. 4:18-cv-01297, N.D. Ohio.)

## II. PERSONAL JURISDICTION

### A. Standard of Review

Regarding the pending motions to dismiss Plaintiffs' claims for lack of personal jurisdiction, "[t]he procedural scheme which guides the district court in disposing of Rule 12(b)(2) motions is well-settled." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). It is Plaintiffs' burden to establish that this Court has personal jurisdiction over Defendants. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). *See also Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003) (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)). Plaintiffs are required to "set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458 (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)).

Where, as with the instant matter, a court rules on a motion to dismiss for lack of personal jurisdiction by analyzing the pleadings and motions before it without the parties engaging in discovery or the court conducting an evidentiary hearing, "the court must consider the pleadings . . . in a light most favorable to the plaintiff . . . ." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citing *Theunissen*, 935 F.2d at 1458-59). Therefore, Plaintiffs "need only make a prima facie showing of jurisdiction." *Id.* (citing *Theunissen*, 935 F.2d at 1458-59). A prima facie showing that personal jurisdiction exists is made by "establishing with reasonable particularity sufficient contacts between [Defendants] and the forum state to support jurisdiction." *Neogen Corp.*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. Cal. Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (internal quotation marks omitted)).

**B. Discussion**

In cases where subject matter jurisdiction is predicated on diversity, such as the instant matter, when determining whether personal jurisdiction exists over an out-of-state defendant, the law of the forum state is looked to. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). Accordingly, a court may only validly exercise personal jurisdiction over an out-of-state defendant when both the forum state's long-arm statute and constitutional due process requirements are met. *Id. See also Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (explaining that personal jurisdiction exists for an out-of-state defendant "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process") (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992) (internal quotation marks and citations omitted)).

1. *Ohio's Long-Arm Statute*

Looking first to Ohio's long-arm statute, it states:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
>
> (2) Contracting to supply services or goods in this state;
>
> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits

  business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

R.C. 2307.382(A)(1)-(9).

  Because Vargo did not respond to either pending motion to dismiss his complaint for lack of personal jurisdiction, this Court only has his pleading and Ohio BWC's pleading to consider whether Plaintiffs met their burden of establishing that this Court has personal jurisdiction over Defendants. Considering the pleadings in the light most favorable to Plaintiffs, this Court cannot conclude that Plaintiffs met the requirement of setting forth specific facts that demonstrate that this Court has personal jurisdiction over Defendants.

  Vargo is clear in his complaint that the motor vehicle accident giving rise to his cause of action occurred in Pennsylvania. Vargo also clearly sets forth that he is a resident of Ohio and Ohio BWC is an Ohio entity whereas D & M Tours and Roman are residents of New Jersey and Stauffer is a resident of Pennsylvania. However, Vargo's complaint does not include any factual allegations connecting these out-of-state Defendants to Ohio pursuant to the means by which Ohio courts can reach out-of-state defendants, as enumerated in Ohio's long-arm statute, Ohio Revised Code § 2307.382(A)(1)-(9).

Likewise, Ohio BWC's pleading only asserts its right to recover sums paid on behalf of Vargo by Ohio BWC should Vargo be awarded any relief against Defendants. (*See generally* Am. Compl. of Ohio BWC, ECF No. 28.) However, this pleading also does not include any factual allegations connecting the out-of-state Defendants to Ohio through any means enumerated and required by Ohio's long-arm statute, Ohio Revised Code § 2307.382(A)(1)-(9).

Therefore, because the requirements of Ohio's long-arm statute are not met, this Court cannot properly exercise personal jurisdiction over any of the Defendants, all of which are out-of-state defendants.

## 2. *Constitutional Due Process*

Although this Court cannot properly exercise personal jurisdiction over the Defendants because the requirements of Ohio's long-arm statute are not met, a brief analysis of constitutional due process requirements solidify the conclusion that this Court cannot properly exercise personal jurisdiction over Defendants.

It is important to first note that "the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause . . . ." *Calphalon*, 228 F.3d at 721. *See also Goldstein v. Christiansen*, 70 Ohio St.3d 232, 238, 638 N.E.2d 541 (1994), fn. 1. Accordingly, the requirements of Ohio's long-arm statute to reach out-of-state defendants are narrower than constitutional due process requirements. Therefore, the analysis for this Court, in determining whether personal jurisdiction over Defendants is proper pursuant to constitutional due process requirements, focuses on whether Defendants have sufficient minimum contacts with Ohio such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Calphalon*, 228 F.3d at 721; *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The critical question, of course, is whether

"the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Pursuant to due process considerations, personal jurisdiction over Defendants may be based upon general jurisdiction or specific jurisdiction, "depending upon the nature of the contacts that the defendant has with the forum state." *Bird*, 289 F.3d at 873 (citing *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992)). General jurisdiction exists where "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citing generally *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)). Boiled down, general jurisdiction exists where a defendant is essentially at home. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

General jurisdiction over Defendants is not present in this matter. Vargo's pleading made no mention of any contacts between Defendants and Ohio, let alone continuous and systematic contacts such that Defendants should be considered essentially at home in Ohio. Therefore, if constitutional due process requirements are met in this matter, it must be pursuant to the limitations of specific jurisdiction.

Specific jurisdiction allows a state to exercise "personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). In essence, the standard used to determine whether a defendant should reasonably anticipate out-of-state litigation is the following:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945)).

The Sixth Circuit has set forth a three-part test to determine the outer limits of personal jurisdiction based upon Defendants' contacts with Ohio: "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *S. Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968).

The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.' Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting, in turn, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *World-Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980); *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 417; *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)).

The analysis, therefore, can stop here. There is no evidence, whatsoever, contained in the record before this Court that Defendants purposefully availed themselves of the protections and benefits of Ohio. In fact, there is no evidence contained in the record that Defendants had any contacts, minimum or otherwise, with Ohio. The only connection Defendants have with Ohio is that they were allegedly involved in a motor vehicle accident with Vargo in Pennsylvania while Vargo was a resident of Ohio and that after the motor vehicle accident Vargo sought medical treatment in Ohio. This connection to Ohio of Defendants can only be described as random, fortuitous, attenuated, and the result of the unilateral activity of Vargo. Because Defendants have no contacts with Ohio, Defendants did not purposefully avail themselves of the privileges or benefits of acting in Ohio, and, therefore, Defendants could not reasonably anticipate being haled into court in Ohio. Accordingly, specific jurisdiction over Defendants does not exist in this Court, and constitutional due process requirements are not met.

For all of the foregoing reasons – because Ohio's long arm statute and constitutional due process requirements are not met – this Court cannot properly exercise personal jurisdiction over Defendants. Therefore, this case must be dismissed.

### III. VENUE

#### A. Discussion

In addition to his motions to dismiss this action due to lack of personal jurisdiction, Stauffer also argues that dismissal is proper because this Court is an improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). Once again, it is Plaintiffs' burden to establish that the chosen venue for the action is proper. *Jae v. Chexsystems Inc.*, No. 4:18-cv-0206, 2018 U.S. Dist. LEXIS

114425, at *5 (N.D. Ohio July 10, 2018) (citing *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002)).

Pursuant to 28 U.S.C. § 1391(b), "[a] civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C.S. § 1391(b) (LEXIS 2019). If this Court determines that venue here is improper, it "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C.S. § 1406(a) (LEXIS 2019). The choice to dismiss or transfer this case is within the sound discretion of this Court. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Vargo's complaint alleges that venue is proper in this Court because this Court sits in the district where FedEx and L.T. Harnett conduct business, where Ohio BWC has a regional office and administered Vargo's workers' compensation claim, and the district where Vargo resides. (*See* Compl. 2-3, ECF No. 1.) However, none of this establishes that this Court is the proper venue for this action pursuant to the requirements of 28 U.S.C. § 1391(b). As discussed previously, FedEx and L.T. Harnett are not parties to this action. Although Ohio BWC and Vargo are both Plaintiffs in this action, as the statute enumerates, it is not residency of any plaintiff that determines venue, but rather residency of Defendants.

To be clear, following the requirements for venue as enumerated in 28 U.S.C. § 1391(b), this Court does not sit in a judicial district in which any Defendant resides and not all Defendants are

residents of the same state, let alone of Ohio. In addition, a substantial part of the events or omissions giving rise to Vargo's claim did not occur in this district – as explained in his complaint, the motor vehicle accident occurred in Pennsylvania, not Ohio. Finally, as has been analyzed in detail above, Defendants are not subject to this Court's personal jurisdiction. Therefore, even if there were no other district where Vargo's action could be brought, this Court is still not the proper venue.

In sum, Vargo's complaint is devoid of factual allegations that connect this action to the Northern District of Ohio, other than Vargo's maintenance of residency here and Vargo's receiving medical treatment here following the motor vehicle accident in Pennsylvania. Because the location of medical treatment following the occurrence of a tort does not constitute a substantial part of the events that "give rise" to the claim as the venue statute intended, Stauffer's motion to dismiss Vargo's complaint for improper venue and motion to dismiss Ohio BWC's complaint for improper venue are well taken. *See Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir. 1997) (holding that medical treatment does not create venue because "the events giving rise to [plaintiff's] action involve the alleged negligence of the defendants in South Dakota, not the nature of [plaintiff's] medical treatment in Wisconsin"). *See also Bennett v. Herringshaw*, No. 1:09-cv-1111-SEB-JMS, 2010 U.S. Dist. LEXIS 35496, at *1-2 (S.D. Ind. Apr. 8, 2010) (summarizing that "[i]t is the location of Defendant's alleged negligence, not the place where Plaintiff received medical treatment that determines venue"); *Bryan v. Hyatt Corp.*, No. 07-CV-11955, 2008 U.S. Dist LEXIS 5047, at *5-6 (E.D. Mich. Jan. 24, 2008) (concluding that medical treatment that occurred in Michigan does not constitute "a substantial part of the events giving rise to the claim" when the injuries were caused by a massage in California); *Ukai v. Fleurvil*, No. 06-00237 JMS/KSC, 2006 U.S. Dist LEXIS 81837, at *12-13 (D. Hawaii Nov. 7, 2006) (concluding venue

was improper in Hawaii where the plaintiff received medical treatment when the injury was sustained in New York); *Whiteman v. Grand Wailea Resort*, No. C98-04442 MMC, 1999 U.S. Dist. LEXIS 3594, at *5 (N.D. Cal. Mar. 17, 1999) (stating that medical treatment in a specific district "is insufficient to create venue"); *Smith v. Fortenberry*, 903 F. Supp. 1018, 1020-21 (E.D. La. 1995) (agreeing that medical treatment received in Louisiana does not establish "a substantial part of the events giving rise to the claim" when the injuries were caused by alleged negligence in connection with a motor vehicle accident in Mississippi).

Because this case was filed in a court that neither had personal jurisdiction over Defendants nor was the proper venue for this action, this Court is well within its discretion to dismiss this action in its entirety, rather than transfer the matter – particularly when Vargo has failed to respond or otherwise participate in the motion practice before this Court.

### IV. CONCLUSION

For the foregoing reasons, the pending motion to dismiss Stauffer's crossclaims MOOT. With respect to the remaining pending motions, this Court does not have personal jurisdiction over Defendants D & M Tours, Roman, and Stauffer, and this Court is not the proper venue for this action. Therefore, the pending motions to dismiss this action for lack of jurisdiction and improper venue are GRANTED and this matter is hereby DISMISSED in its entirety, without prejudice.

IT IS SO ORDERED.

DATE: May 7, 2019     /s/ John R. Adams
   Judge John R. Adams
   UNITED STATES DISTRICT COURT