# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| WALTER P. VARGO, JR., *et al.*, | ) | CASE NO.:    4:18CV01297 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| D & M TOURS, INC., *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

On June 6, 2018, Plaintiff Walter P. Vargo, Jr. ("Vargo") filed a complaint in the Northern District of Ohio against D & M Tours, Inc. ("D & M Tours"), Jose Roman ("Roman"), FedEx, Inc. ("FedEx"), William A. Stauffer ("Stauffer"), the Administrator of the Ohio Bureau of Workers' Compensation ("Ohio BWC"), and L.T. Harnett Trucking, Inc. (L.T. Harnett"). (Compl. 1-2, ECF No. 1.) The action arose out of a motor vehicle accident that occurred in Northampton County, Pennsylvania on June 7, 2016, in which Vargo, a citizen of Ohio, suffered damages due to the alleged negligence of Roman, "a citizen of New Jersey", during the course and scope of his employment with D & M Tours, "a business in New Jersey", and Stauffer, "a citizen of Pennsylvania", during the course and scope of his employment with FedEx, "a company doing business in . . . Ohio". (*Id.* at ¶¶ 1-2, 4-8, 12-13.)

Despite naming Ohio BWC and L.T. Harnett as defendants, Vargo did not assert any legal claims for relief against them, but rather requested that they "appear and assert their interests in the outcome of this case." (*Id.* at ¶¶ 9-10 and pp. 5-6.) L.T. Harnett did not enter an appearance or participate in this matter. (*See generally*, Docket, *Vargo, et al. v. D & M Tours, Inc. et al.*, No. 4:18-cv-01297, N.D. Ohio.) Ohio BWC, on the other hand, was properly realigned as a named

plaintiff and subsequently filed an amended complaint asserting its subrogation rights to any relief awarded Vargo. (Marginal Entry Order, ECF No. 26; Am. Compl. of Ohio BWC, ECF No. 28.) Additionally, Vargo failed to perfect service upon FedEx and never requested additional time to do so. (Return of Service, ECF No. 13.) Therefore, because service against FedEx was never accomplished, this Court did not, and still does not, have jurisdiction over FedEx. *See Brown v. PixelRange, Inc.*, No. 18-5745, 2019 U.S. App. LEXIS 9608, at *4-5 (6th Cir. Apr. 1, 2019) (stating that "proper service of process is required for the district court to exercise personal jurisdiction over a defendant") (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)). In sum, the properly established parties in this action were as follows: Vargo, an Ohio citizen, and Ohio BWC, an Ohio entity as plaintiffs (hereinafter, Vargo and Ohio BWC are collectively referred to as "Plaintiffs"); D & M Tours, a New Jersey company, Roman, a New Jersey citizen, and Stauffer, a Pennsylvania citizen as defendants (hereinafter, D & M Tours, Roman, and Stauffer are collectively referred to as "Defendants").

Between June 6, 2018 and April 29, 2019, Defendants engaged in motion practice requesting this Court dismiss this matter in its entirety because this Court lacked personal jurisdiction over Defendants and because this Court was an improper venue for this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. (*See generally* Defs. D & M Tours' and Roman's Mot. to Dismiss Vargo Compl., ECF No. 10; Def. Stauffer's Mot. to Dismiss Vargo Compl., ECF No. 23; Defs. D & M Tours' and Roman's Mot. to Dismiss Ohio BWC Compl., ECF No. 29; Def. Stauffer's Mot. to Dismiss Ohio BWC Compl., ECF No 31.) Throughout all of the motion practice requesting the dismissal of his case, Vargo remained silent. (*See generally*, Docket, *Vargo, et al. v. D & M Tours, Inc. et al.*, No. 4:18-cv-01297, N.D. Ohio).

On May 7, 2019, this Court, after careful consideration and full legal analysis of the motions pending before it, dismissed the matter entirely, without prejudice. (Mem. Op. and Order, ECF No. 33; J. Entry, ECF No. 34.) This Court found, with respect to personal jurisdiction specifically, that Vargo's complaint failed to include any factual allegations connecting Defendants, all of whom are out-of-state citizens or entities, to Ohio despite having the burden to do so. (Mem. Op. and Order 5-11, ECF No. 33.) Therefore, because neither Ohio's long-arm statute nor constitutional due process requirements were met, this Court determined that it lacked personal jurisdiction over Defendants. (*Id.*)

In addition, this Court determined that it was the improper venue for this matter. (*Id.* at 11-14.) Vargo, in his complaint, alleged that venue was proper in this Court, pursuant to 28 U.S.C. § 1391, because this district is where FedEx and L.T. Harnett conduct business, where Ohio BWC has a regional office, and where Vargo resides and received medical treatment – notably ignoring defendants D & M Tours, Roman, and Stauffer. (Compl. ¶ 3, ECF No. 1.) This Court found that once again, despite having the burden to do so, Vargo failed to include any information in his complaint that would properly establish venue in this district pursuant to the requirements of 28 U.S.C. § 1391. (Mem. Op. and Order 11-14, ECF No. 33.)

This Court specifically concluded, with respect to venue: (1) although this Court sits in a judicial district in which certain originally named defendants, FedEx, L.T. Harnett, and Ohio BWC, "reside" not all defendants are residents of the same state, let alone Ohio, to establish venue in this Court pursuant to 28 U.S.C. § 1391(b)(1); (2) although Vargo received some medical treatment in this district, that is not where a substantial part of the events or omissions *giving rise* to Vargo's claim occurred, since the motor vehicle accident occurred in Pennsylvania, to establish venue in this Court pursuant to 28 U.S.C. § 1391(b)(2); and finally (3) Vargo failed to establish,

in his complaint or otherwise, that there was no other district where this action could have been brought and furthermore Vargo failed to establish that this Court properly had personal jurisdiction over the properly aligned out-of-state defendants to establish venue in this Court pursuant to 28 U.S.C. § 1391(b)(3). (*Id.*) It bears repeating that in analyzing whether this Court had personal jurisdiction over Defendants and was the proper venue for this action, the only information from Vargo that this Court could utilize was his complaint because Vargo failed to oppose, respond, or otherwise object to any motion practice before this Court during the pendency of his case. (*See generally*, Docket, *Vargo, et al. v. D & M Tours, Inc. et al.*, No. 4:18-cv-01297, N.D. Ohio.)

On June 7, 2019, Vargo filed a post judgment motion requesting this Court "vacate the order previously entered which dismissed this case and reopen Plaintiff's case for the purposes of transfer[]." (Mot. to Vacate 1, ECF No. 35.) On June 10, 2019, Ohio BWC filed a post judgment motion joining Vargo's post judgment requests. (Mot. to Join, ECF No. 36.) To be strikingly clear about the evolution of this case, Vargo filed his Complaint and then completely failed to participate in any motion practice or otherwise engage in the progression of his case for one full year – his silence was broken only by his June 7, 2019 post judgment motion.

For the following reasons, this Court declines to vacate its previous judgment, declines to reopen this matter, and declines to transfer this case. Accordingly, both Vargo's motion and Ohio BWC's motions are DENIED.

## I.  RELIEF FROM FINAL JUDGMENT – FEDERAL RULE OF CIVIL PROCEDURE 60(b)

### A.  Standard of Review

Because Vargo failed to specify in his post judgment motion the authority under which the motion was brought, this Court must assume that the motion is brought pursuant to Federal Rule of Civil Procedure 60(b), as Vargo is requesting relief from a final judgment of this Court. Rule

60(b) enumerates, with specificity, the circumstances in which a party may be relieved from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Vargo asserts in his post judgment motion that his choice of venue was a "mistake," but fails to provide further argument explaining how 28 U.S.C. § 1391 was mistakenly interpreted given the details of this case. (Mot. to Vacate 3, ECF No. 35.) *See Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007) (explaining that "mistake" as enumerated in Rule 60(b)(1) is a mistake "based upon legal error" such as a court's mistaken interpretation of the law); *Pierce v. United Mine Workers Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985) (court's adoption and application of an incorrect legal standard considered a mistake under Rule 60(b)(1)); *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983) (confirming "that the word 'mistake' as used in Rule 60(b)(1) encompasses any type of mistake or error on the part of the court").

It could also be presumed that Vargo brings his post judgment motion pursuant to Rule 60(b)(6), the catchall category that provides relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). With respect to Rule 60(b)(6) motions in particular, "courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing*

*Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Accordingly, "strict standards apply to motions made pursuant to Rule 60(b)(6), under which a court may grant relief 'only in exceptional or extraordinary circumstances' where principles of equity 'mandate' relief." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). When "determining whether extraordinary circumstances are present, a court may consider a wide range of factors" which "may include . . . 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)).

Regardless of which subsection of Rule 60(b) Vargo brings his post judgment motion, relief granted under any subsection of Rule 60(b) is "the exception, not the rule" as this Court is "guided by the constraints imposed by a 'public policy favoring finality of judgment and termination of litigation.'" *Franklin*, 839 F.3d at 472 (quoting *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

## B. Discussion

Upon determining that this Court lacked personal jurisdiction over the defendants and that this Court was the improper venue for the instant matter, it was charged with dismissing the case, or, in the interest of justice, transferring the case to a court in which the matter could have properly been brought. 28 U.S.C. § 1406(a); 28 U.S.C. § 1631. The choice to dismiss or transfer this case was within the sound discretion of this Court. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). Notably, Vargo never requested that this Court transfer the matter until after the case was dismissed. Of course, this Court *could* have sua sponte transferred the case; however, because Vargo did not even once request transfer during the eleven months that this case pended,

and frankly, never engaged in the motion practice pending before this Court whatsoever, there was no reason for this Court to presume that Vargo wanted the case transferred. *See Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012) (finding that the district court did not abuse its discretion by declining to transfer a case when plaintiffs failed to seek transfer).

Regardless, in considering Vargo's post judgment request to transfer the case, *Stanifer v. Brannan*, 564 F.3d 455 (6th Cir. 2009) is instructive. In *Stanifer*, the plaintiff filed his complaint in the Western District of Kentucky, where the plaintiff resided, alleging damages from a motor vehicle accident that occurred in Alabama due to the alleged negligence of two defendants, both residents of Alabama. *Stanifer*, 564 F.3d at 456. When the defendants moved to dismiss plaintiff's case for lack of personal jurisdiction, plaintiff moved to transfer venue from the Western District of Kentucky to the Northern District of Alabama. *Id.* The Western District of Kentucky court found that it lacked personal jurisdiction over defendants and declined to transfer the matter explaining that

> "the lawsuit so obviously lacks merit as to jurisdiction over these Defendants that it would be unfair to give Defendants anything less than the complete remedies that they request. That the result of this decision may be the complete loss of Plaintiff's claim[] is not a fact which carries particular weight under these circumstances. The "interest of justice" analysis which might permit this court to exercise its discretion by transferring venue should not permit Plaintiff to resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first instance."

*Id.* at 467. The Sixth Circuit Court of Appeals affirmed the district court's decision, holding that the court did not abuse its discretion in declining to transfer the matter. *Id.* at 456. In so holding, the court found that plaintiff "failed to offer even one reason, plausible or not, for filing in what was obviously the wrong venue – and no reason at all for failing to file in the proper district" and even though plaintiff may have needed to file his complaint promptly in order to avoid statute of

limitations issues, that necessity does not "justify filing a complaint in what amounts to the nearest federal courthouse." *Id.* at 458.

Much like the plaintiff in *Stanifer*, it appears that Vargo filed his complaint in this Court without even the slightest factual support that this Court had personal jurisdiction over Defendants or was the proper venue for this action. Vargo filed his complaint in the district in which he resided, alleging negligence against out-of-state defendants. Despite originally naming a three Ohio defendants, two were not properly aligned and one was never served. Furthermore, Vargo did not plead one single fact in his complaint connecting the out-of-state defendants to Ohio per the requirements of Ohio's long-arm statute and constitutional due process requirements. Even more troubling, despite directly citing 28 U.S.C. § 1391 in his complaint, Vargo's assertions that this Court was the proper venue for this matter do not even remotely follow the requirements of that statute. Although this Court will not opine on whether Vargo filing his complaint in this Court was an oversight, simple inattention, or, more seriously, willful abuse of process, this Court will note that Vargo's failure to diligently engage with this Court during the pendency of motions to dismiss his case gives further credence to this Court's initial decision declining to sua sponte transfer this matter in the interest of justice – Vargo's absence did not allow for this Court to ignore the legally sound requests of Defendants to dismiss this case entirely.

Of course this Court is sympathetic that Vargo's claims may be precluded in the proper venue to due statute of limitations concerns, but sympathy cannot excuse an entire year of inaction by Vargo. Vargo's assertion that his claim is time-barred in the proper court, while unfortunate, is a consequence of final judgment that declined to transfer the matter, if only because Vargo declined to request transfer or even participate in his case. Quite clearly this not an exceptional or extraordinary circumstance that warrants relief. To reopen a matter in which Vargo could have

easily participated during its pendency to allow Vargo to continue to pursue his claims does risk injustice to the parties who actively participated in the progress of this matter while the case was still open.

Additionally, with respect to Vargo's contention that he simply made a mistake in choosing this Court as the proper venue, the *Stanifer* court addressed the application of *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) to a situation such as this. In *Goldlawr*, the United States Supreme Court held that 28 U.S.C. § 1406(a) "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue." *Goldlawr*, 369 U.S. at 466. The *Goldlawr* court went further and stated that "[i]f by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred . . ." *Id.* at 467.

The *Stanifer* court clarified that the *Goldlawr* court could not have intended that a mistake "by reason of the uncertainties of proper venue" include the deliberate or careless filing of a complaint in the wrong district – particularly when the *Goldlawr* court clarified that transfer is proper when a plaintiff makes "an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Stanifer*, 564 F.3d at 459. No such elusive fact exists in this case. An obvious error is not akin to an erroneous guess. *See id.* (citing *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) (transfer is inappropriate when an obvious error rather than an erroneous guess is made with respect to venue); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (penalty of dismissal rather than transfer is not disproportionate where filing in the improper venue was an "elementary" mistake); *Spar, Inc. v. Info. Res. Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("[A] transfer in this case would reward plaintiffs for their lack of diligence in choosing

a proper forum and thus would not be in the interest of justice.")). Therefore, because Vargo's mistake was obvious, elementary, and not due to an erroneous guess regarding an elusive fact and because there is not an exceptional or extraordinary circumstance that would allow for this Court to vacate its previous judgment, this Court declines to do so.

In weighing the public policy of favoring finality of judgments and termination of litigation, the risks of injustice to the parties, and the interests of judicial efficiency, this Court can only conclude that this matter will not be reopened for the purposes of transfer. Therefore, the pending motions for relief from final judgment are hereby DENIED.

## II. CONCLUSION

For the foregoing reasons, this Court's previous judgment is not vacated, this matter is not reopened, and this case is not transferred. Vargo's pending motion to vacate final judgment is DENIED. Likewise, Ohio BWC's motion joining Vargo's post judgment motion is also DENIED. This matter remains dismissed, without prejudice, and this Court declines to transfer the matter.

IT IS SO ORDERED.

DATE: March 2, 2020                    /s/ John R. Adams
                                       Judge John R. Adams
                                       UNITED STATES DISTRICT COURT